IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 21-242 |
| | ) |
| ZACKARY WOZNICHAK | ) |

**ORDER OF COURT**

AND NOW, this 31st day of October, 2023, upon consideration of certain pretrial motions filed by Defendant Zachary Woznichak, (Docket Nos. 53, 54), and the Government's Response thereto, (Docket No. 60), IT IS HEREBY ORDERED as follows:

1. Defendant's Motion to Provide Notice of Evidence that the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609, (Docket No. 53), is denied as premature and without prejudice, as the Court will set deadlines for the disclosure of this material in the pretrial order.[1]  In view of this ruling, Defendant's request for a pretrial hearing on the admissibility of any potential Rule 404(b)/609 evidence likewise is denied as premature and without prejudice.[2]

---

[1]  The Court observes that notice of intent to use Rule 404(b) evidence seven to ten days prior to trial has been deemed sufficient.  *See e.g., United States v. Long-Parham*, 183 F. Supp. 3d 746, 750 (W.D. Pa. 2016) ("Courts that have considered what constitutes 'reasonable notice' have concluded that notice of intent to use Rule 404(b) evidence seven to ten days prior to trial is sufficient.") (citations omitted).  As for notice under Rule 609(b), the Government is required to provide "reasonable written notice" of its intent to use evidence of a conviction more than ten years old.  *See* Fed. R. Evid. 609(b)(2).  With that said, the Government represents that it has provided Defendant with a copy of his criminal history, and the Government will use such records as impeachment material if appropriate under Rule 609 should Defendant choose to testify at trial.  (Docket No. 60 at 2).

[2]  The Court notes that "objections as to the admissibility of any evidence sought to be introduced under Rule 404(b) are properly asserted during trial, not at the pretrial stage, *Luce v. United States*, 469 U.S. 38, 41 (1984), as it is preferable to resolve Rule 404(b) objections in conjunction with the factual context of the case." *United States v. Bennett*, Crim. No. 3:21-cr-15, 2023 WL 2965699, at *1 n.2 (W.D. Pa. Apr. 17, 2023).

2. Defendant's Motion to Preserve Law Enforcement's Rough Notes, (Docket No. 54), is granted in part and denied in part as follows:

    a. The Motion is granted to the extent Defendant requests the preservation of rough notes. *See United States v. Vella*, 562 F.2d 275, 276 (3d Cir. 1977) (holding that "the rough interview notes of F.B.I. agents should be kept and produced so that the trial court can determine whether the notes should be made available to the [defendant] under the rule of *Brady* . . . or the Jencks Act"); *United States v. Ammar*, 714 F.2d 238, 259 (3d Cir. 1983) (extending rule to require preservation of drafts of agents' reports). Here, the Government represents that it will direct the officers involved in this case to preserve any rough notes, (*see* Docket No. 60 at 2), and it shall do so consistent with this Order.

    b. The Motion is denied to the extent Defendant requests that the Government be ordered to "identify any such rough notes and writings that are unable to be found, or were, in fact, destroyed since the inception of the investigation of this case, or any related investigation." (*See* Docket No. 54 at 4). Defendant has not cited any precedent in support of this particular request, and the Court has not uncovered any authority indicating that he is entitled to the same. *See United States v. Hitchcock*, Case No. 22-cr-180, 2023 WL 180081, at *7 (D. Minn. Jan. 13, 2023) (denying the defendant's request for the Government to provide an accounting of any rough notes that previously may have been destroyed) (citing *United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("In most circumstances, then, a defendant must point to a statute, rule of

criminal procedure, or other entitlement to obtain discovery from the government.")); *United States v. Ranallo*, Case No. 18-cr-285, 2019 WL 6975447, at *4 (D. Minn. Dec. 20, 2019) (same).

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record